IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CASE No.: 25-CV-00800

| | |
|---|---|
| CORNELIUS EDGERTON., as an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>BACKGROUND INVESTIGATIONS BUREAU, LLC; and DOES 1-10 inclusive,<br><br>           Defendants. | AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

Plaintiff CORNELIUS EDGERTON (hereafter "Plaintiff") files his Complaint for Damages and Demand for a Jury Trial against Defendant BACKGROUND INVESTIGATIONS BUREAU, LLC; (hereafter "Defendant") and DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant Background Investigation Bureau, LLC ("BIB") is a security and protection company that provides background screening services to numerous entities.

2. Before October 15, 2023, Plaintiff submitted an application for employment to Kershaw County School District ("KERSHAW"), located in South Carolina.

3. In connection with Plaintiff's application, KERSHAW procured a background screening report ("Report") on Plaintiff from Defendant.

4. The Report disclosed outdated and inaccurate criminal history on Plaintiff.

5. Specifically, Defendant disclosed multiple outdated and incorrect criminal charges regarding Plaintiff.

6. Defendant failed to disclose that Plaintiff had in fact been pardoned by The South Carolina Department of Probation, Parole, and Pardon Services for these crimes, on November 17, 2016.

7. Under the Fair Credit Reporting Act ("**FCRA**" 15 USC §1681 et seq.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Failing to report accurate and up to date information regarding criminal history is a clear violation of this statute.

8. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with KERSHAW.

9. Defendant did not have defined processes to verify the accuracy of the public records information provided.

10. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of employment.

11. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

12. Plaintiff is an individual and resident of Irmo, South Carolina.

13. Defendant is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("**FCRA**" 15 U.S. Code §1681 et seq.) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

14. Defendant is located at 9713 Northcross Center Ct., Suite 201, Huntersville, NC 28078.

15. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

16. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

17. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### [Violation of 15 USC §1681(e)(b)]

18. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

19. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing inaccurate and outdated information.

20. Defendant's conduct was willful and/or reckless because it knew that its failure to report updated information regarding criminal records is insufficient to ensure maximum possible accuracy of the criminal history information reported.

21. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

22. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

### SECOND CAUSE OF ACTION

### [Violation of 15 U.S.C. § 1681k(a)(2)]

23. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

24. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a)(2).

25. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

26. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

Respectfully submitted, this the 16th day of October, 2025.

/s/ C. Scott Meyers
C. Scott Meyers
smeyers@revolution.law
N.C. State Bar No. 30651
**REVOLUTION LAW GROUP**
1175 Revolution Mill Drive, Suite 8
Greensboro, NC 27405
Ph: 336-333-7907
Fax: 336-333-7909

*Pro hac vice appearance pending:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023